## HANSEN v. ARABIAN AMERICAN OIL CO.

Civ. No. 10522.

United States District Court
E. D. New York.

Oct. 10, 1951.

184

Sorensen & Miller, Lake Ronkonkoma, N. Y., for plaintiff.

Louis F. Huttenlocher, New York City, for defendant.

GALSTON, District Judge.

The defendant moves, pursuant to Rule 56 of Rules of Civil Procedure, 28 U.S.C. A., to dismiss the complaint, and for summary judgment against the plaintiff.

The complaint alleges that the plaintiff was employed as a co-pilot by the defendant, pursuant to an agreement in writing, a copy of which is annexed to the complaint and made part of the complaint, for a term of thirty months from the 15th day of September, 1947. Thereafter the plaintiff entered upon the performance of his contract, and alleges that he duly performed all the conditions thereof until he was prevented from so doing by the acts of the defendant. Paragraphs Fifth and Sixth of the complaint are critical. They read:

"Fifth: That it was implied in said contract that the airplanes owned by the defendant and which were to be flown by the plaintiff should be flown and maintained in conformity with the safety regulations of the Civil Aeronautics Authority of the United States Government.

"Sixth: That plaintiff was repeatedly ordered to fly such planes in disregard of such safety regulations in violation of the conditions of said contract."

The plaintiff thereafter alleges that these breaches of contract on the part of the defendant caused plaintiff to terminate his services.

The agreement itself makes no reference in any way to the safety regulations of the Civil Aeronautics Authority Act of 1938, as amended, to support his allegation that its safety regulations are made part of the contract by implication. "Air commerce" is there defined as meaning "interstate, overseas, or foreign air commerce". 49 U.S.C.A. § 401(3). However, the plaintiff fails to go far enough; for the definition of the words "overseas" and "foreign air commerce", in the Civil Aeronautics Act, 49 U.S.C.A. § 401(20),

makes it clear that "air commerce", within the meaning of the Act, applies to the operation of aircraft in foreign countries only where such operation involves commerce with the United States. According to the facts disclosed in the instant case, the airplanes flown by the plaintiff for the defendant were private planes of the defendant, and they had no contact with the United States or its Territories, nor with commerce moving between the United States and a foreign country.

The affidavit of the plaintiff, submitted in opposition to the defendant's motion, recites: "We maintain that under the Civil Aeronautics Act as amended the rules and regulations of the Civil Aeronautics Authority apply to United States licensed planes anywhere in the world they may happen to be flown, and that is what I understood Mr. Maloney, the chief of the Aviation Department of the defendant to mean when he told me at the employment interview that the planes I was to fly would be licensed by the Civil Aeronautics Authority."

 If what is meant by the plaintiff in the above-quoted paragraph is that the regulations of the CAA are applicable all over the world, by operation of law, the Civil Aeronautics Act does not support his contention. If, however, the plaintiff seeks to rely upon certain oral representations made to him by an officer of the defendant before the written agreement was executed, such oral statements will not support a recovery under the complaint. The theory of the complaint, as already noted, is that the written agreement has been breached. There is no reference in the agreement to any oral agreement or representations, nor is the substance of any such matters incorporated into the agreement. The oral statements referred to by the plaintiff would be relevant here if the complaint were based upon the theory of reformation of the written agreement because of fraud or mistake. Where, however, the recovery is based upon the written agreement itself, it is the agreement which must be looked to by the parties. The plaintiff himself argues in his brief that, "in the absence of fraud a written con-

tract merges all prior and contemporaneous negotiations together with all prior oral contracts including antecedent correspondence and prior written memorandums." The plaintiff cites 17 C.J.S., Contracts, § 381, which goes on to state as follows: " * * * this is in effect a statement, in different form, of the rule excluding evidence of prior or contemporaneous oral agreements to contradict or to modify a written contract * * . * based on the presumption that, in the absence of accident, fraud, or mistake, the whole engagement of the parties is expressed in the writing."

 It must be concluded, therefore, that there is nothing contained in the contract between the parties, as evidenced by the written agreement, from which it can be "implied" that the airplanes to be flown by the plaintiff "should be flown and maintained in conformity with the safety regulations of the Civil Aeronautics Authority * * *", as alleged in the complaint.

In view of the foregoing, the defendant's motion for a summary judgment is granted.

Settle order on notice.