**HANSEN v. ARABIAN AMERICAN OIL CO.**

No. 177, Docket 22244.

United States Court of Appeals
Second Circuit.

Argued March 6, 1952.

Decided April 3, 1952.

Sorensen & Miller, Lake Ronkonkoma, N. Y., John P. Cohalan, Jr., New York City, William R. Miller, Lake Ronkonkoma, N. Y., for appellant.

Louis F. Huttenlocher, New York City, Thomas F. Barry, New York City, of counsel, for appellee.

Before L. HAND, AUGUSTUS N. HAND and CHASE, Circuit Judges.

PER CURIAM.

A statement of the controversy may be found in D.C., 100 F.Supp. 183, which will dispense with any introduction by us. The critical question is whether the contract allowed the defendant to order the plaintiff to fly planes which were not "flown and maintained in conformity with the safety regulations of the Civil Aeronautics Authority" of the United States. The contract provided that the plaintiff should be employed "for services in the Company's Zone of Operations"; and that that term was "understood to mean Saudi Arabia, and any other foreign locality to which employee may be transferred for service." It further provided that "during your service with the Company, you will be required to abide by such rules and regulations as may be in effect in the Zone of Operations." In his affidavit opposing the motion to dismiss the complaint, the plaintiff swore that one, "Mahoney, the chief of Aviation Department of the defendant" had told him "at the employment interview that the planes I was to fly would be licensed by the Civil Aeronautics Authority." Apparently in the District Court the plaintiff relied upon this language as creating a term in the contract that he should be asked to fly no other planes; for in his

opinion Judge Galston discussed and over-ruled such a contention. Be that as it may, the plaintiff does not so argue today, and we are therefore not faced with confusing and confused question as to what oral agreements will "vary" the terms of a written contract. The plaintiff now stands upon the proposition that, since the contract was made in New York, we should interpret it in accordance with the law of New York; and that, because the regulations of the U. S. Civil Aeronautics Authority govern the use of all aeroplanes registered in a state of the United States, those regulations were to be understood to be read into the contract.

 We agree that the meaning of the contract is to be determined by the law of New York; but we hold that the regulations of the Civil Aeronautics Authority were not incorporated into it by implication. The argument appears to be that, since Article 31 of the Convention of International Civil Aviation provided that all aircraft "engaged in international navigation" must be provided with a "certificate of airworthiness" issued by the state where it was "registered,"[1] the contract in effect provided that all planes which the plaintiff was to be called upon to fly should have such certificates. We will assume *arguendo* that the contract did imply that all planes registered in the United States should carry the prescribed certificates; and we may still further assume that all planes, registered in any other state which was a party to the Convention of 1946, should carry certificates of airworthiness of that state. We do not see how that can be relevant, since Saudi Arabia was not a party to the Convention and no planes registered by it were obliged to carry any such certificate.

Be that as it may, the plaintiff does not assert that he was asked to fly any plane registered in the United States which did not have a U. S. certificate, or otherwise conform to U. S. regulations; nor does he assert that he was asked to fly any plane registered elsewhere which did not have its proper certificate. What he does assert is that he was asked to fly some unidentified planes which did not conform to the requirements for U. S. planes; and that argument presupposes that because the contract was executed in New York, it incorporated as a term that all planes which he could be called upon to fly, must meet the standards of the United States no matter where they were registered. Article 1 of the Convention itself would be answer enough, because it recognizes the supremacy of the law of each of the signatories;[2] and *à fortiori* of Saudi Arabia which was not a signatory. Moreover, the argument obviously attempts to interpolate a new stipulation into the contract without the slightest warrant.

Judgment affirmed.

---

1. Vol. 61, Part 2, p. 1189, St. at L.

2. Vol. 61, Part 2, p. 1180, St. at L.